NICHOLS & COX LUMBER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23601. Promulgated September 19, 1931.

J. S. *Seidman, Esq.*, and F. E. *Seidman, C. P. A.*, for the petitioner.
B. M. *Coon, Esq.*, for the respondent.

56

## OPINION.

LOVE: Respondent concedes that the proposed deficiencies for the years involved in this appeal are barred from assessment unless the waivers filed by and for the Nichols & Cox Lumber Company are valid, and, at the hearing, the entire evidence submitted was confined to that issue.

We are of the opinion, however, that the question of jurisdiction intervenes and must be decided.

We have found that the first company was dissolved on December 28, 1922, and that on the previous day, December 27, articles of association were executed incorporating the Charles Dregge Lumber Company with an entirely different capitalization from that of the first company, although at the time of the dissolution of the first company, and the organization of the Charles Dregge Lumber Company, the stockholders in each appear to have been identical. On December 28, the first company, prior to its dissolution, sold, transferred, and conveyed to the Charles Dregge Lumber Company for a valuable and valid consideration, all its assets, properties, and franchises, tangible and intangible, of every kind and nature, and thereupon dissolved. Thereafter, but on the same day, December 28, the Charles Dregge Lumber Company executed a certificate of amendment to its articles of association, which certificate it filed with the Secretary of State on December 29, 1929, changing its name to Nichols & Cox Lumber Company, thereby becoming what we have designated as the second company.

In his brief respondent confines himself to an argument for the validity of the waivers. He contends that when the Dregges signed the waivers in question they were in effect and in fact acting as officers of the first company; *he questions the validity, as to legal*

*effect of the dissolution;* he raises the question of estoppel; but he does not throw any light upon the question of the Board's jurisdiction, which was raised by the parties for the first time at the hearing after the evidence in regard to the waivers was all in.

The matter of jurisdiction is the fundamental question here to be first determined, for if we have not jurisdiction in this case, obviously we are without authority to pursue this inquiry further. And we do not believe that we have that jurisdiction and the authority that would be conferred thereby.

The contentions advanced by respondent we regard as beside the point we are now considering, because we must first determine whether petitioner here has any standing before this Board, and for that purpose it makes no difference whether or not the first company had even a technical existence at the time the waivers were signed, the deficiency notice issued, and the petition filed, if, as a matter of fact, the deficiency was against the first company and the notice was mailed to it, and the petition was filed by the second company.

That the deficiency notice was mailed to the first company we believe to be placed beyond controversy by the wording of the notice itself. The Revenue Act of 1926 provides in:

SEC. 274 (a) If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for the redetermination of the deficiency, * * *

The deficiency notice mailed December 10, 1926, to Nichols & Cox Lumber Company, reads:

An audit of your income and profits tax returns for the years 1919 and 1920 has resulted in the determination of a deficiency in tax amounting to $48,809.12, as shown in the attached statement.

In accordance with the provisions of Section 274 of the Revenue Act of 1926, you are allowed 60 days from the date of mailing of this letter within which to file a petition for the redetermination of this deficiency. * * *

Clearly the Commissioner, in his letter, was addressing the *first* Nichols & Cox Lumber Company, for no other Michigan corporation of that name rendered tax returns for 1919 or 1920, nor was any other in existence during those years. That corporation was the "taxpayer" to whom *only* was the Commissioner authorized under section 274 of the Revenue Act of 1926 to send the notice of deficiency; and who *alone* is authorized by the Act to "file a petition with the Board of Tax Appeals for a redetermination of the deficiency."

The Nichols & Cox Lumber Company which came into existence in 1922 through an amendment to the articles of association of the Charles Dregge Lumber Company is certainly not "the taxpayer" referred to in the Act, or in the Commissioner's notice of deficiency. Admittedly, the second company is the successor of the first, but it is a distinct legal entity; and since it is not "the taxpayer" authorized by the Act to "file a petition with the Board of Tax Appeals for the redetermination of the deficiency," it can have no standing here. The answer "yes" to question 8, on page 4, of the 1923 return, was incorrect. It should have been "no." A return in the same name had been filed for 1922, but it was a return of the first company.

The officers who signed the waivers swore that they executed them without consulting with other officers, directors, or stockholders of either the first or second company, or with each other. They signed them in the regular course of business of the second company, or what they regarded as such business. Charles Dregge testified that "the new corporation, Nichols & Cox Lumber Company, had purchased the assets of the old Nichols & Cox Lumber Company, and I assumed that I could sign as an official of the new company, and that matters of that nature simply carried on." Martin J. Dregge testified that the waiver "which bears my signature came to my desk from a source I do not recall at the present time. In signing it, I knew the fact that the old Nichols and Cox Lumber Company had been liquidated and gone out of business. I signed it as secretary and as an officer of the new company."

The Board has consistently held in a large number of cases, though the circumstances in each case may have differed widely, that it has no jurisdiction where a notice of deficiency has been mailed to a taxpayer, and the petitioner is neither that taxpayer nor his authorized representative. *W. A. Sheaffer Pen Co.*, 21 B. T. A. 661, and cases therein cited; *Bisso Ferry Co.*, 8 B. T. A. 1104; *Bond, Inc.*, 12 B. T. A. 339; *Weis & Lesh Manufacturing Co.*, 13 B. T. A. 144; *American Arch Co.*, 13 B. T. A. 552; *Engineers Oil Co.*, 14 B. T. A. 1148; *San Joaquin Fruit & Investment Co.*, 16 B. T. A. 1290; *Van Cleave Trust*, 18 B. T. A. 486; *Hamilton Web Co.*, 19 B. T. A. 199; *Carnation Milk Products Co.*, 20 B. T. A. 627.

Accordingly, we hold that we have acquired no jurisdiction in the proceeding before us.

Reviewed by the Board.

*Order of dismissal will be entered accordingly.*

ARUNDELL and MATTHEWS dissent.